ESS EFF REALTY CO. v. BUTTENHEIM.

(Supreme Court, Appellate Term. November 11, 1910.)

1. LANDLORD AND TENANT (§ 172*)—CONSTRUCTIVE EVICTION—FAILURE TO FURNISH ELEVATOR SERVICE.

Where a tenant rented a business loft, failure of the landlord to furnish elevator service for a week, preventing defendant absolutely from using the loft, amounted to a constructive eviction.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 695–703; Dec. Dig. § 172.*]

2. LANDLORD AND TENANT (§ 231*)—ACTION FOR RENT—ADMISSIBILITY OF EVIDENCE.

In an action for rent, under an alleged oral lease for ten months, cross-examination of plaintiff's president as to whether his own lease did not expire at a certain date, nearly six months before termination of the alleged lease to defendant, was improperly excluded; the evidence being proper to show the improbability of plaintiff's contention.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 231.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by the Ess Eff Realty Company against Henry Buttenheim. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Louis A. Sable, for appellant.
George R. Simpson, for respondent.

BIJUR, J. Plaintiff sued to recover rent for the months of March and April under an alleged oral lease of a business loft for a term of ten months. Defendant moved out before the 1st day of March, claiming a lease from month to month. The answer sets up, among

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

other defenses, a general denial and an affirmative defense of eviction. The testimony as to the nature of the letting is evenly balanced, without any documentary evidence to support it either way.

Defendant claims a constructive eviction, on the ground that the elevator broke down on two occasions, preventing him absolutely from using his loft. On this point the weight of evidence is decidedly against the plaintiff; several witnesses having testified that it was out of repair for the period alleged by the defendant. After the loss of elevator service for a week, the defendant moved out.

It is doubtful whether the plaintiff sustained the burden of proof as to the letting; but, in any event, it is clear that there was a constructive eviction because of the failure to furnish adequate elevator service. Lawrence v. Katchen, 117 N. Y. Supp. 876; Tallman v. Murphy, 120 N. Y. 345, 351, 24 N. E. 716.

It may be added that defendant on cross-examination was prevented from asking plaintiff's president whether his own lease did not expire May 1, 1910, nearly six months before the termination of the alleged lease to defendant. To this ruling defendant duly excepted. The evidence was perfectly proper, to show the improbability of the plaintiff's story.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

SEABURY, J., concurs.     PAGE, J., concurs on the last ground stated in foregoing opinion.